IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BRUNI, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-2017 |
| OCEANVIEW ELECTRONICS, INC., et al. | : | |

## MEMORANDUM

Ludwig, J.                                                        March 23, 2012

This is an action for recovery of compensatory and punitive damages arising from plaintiffs' failed investments.  Jurisdiction is federal question.  28 U.S.C. § 1331.  The complaint, as amended, alleges that in September 2004, plaintiffs opened a brokerage account with Ryan Beck & Co. - Michael Bader was their stockbroker.[1]  With his encouragement, plaintiffs made investments from November 2004 to March 2008 of some $400,000 in Valhalla Enterprises VEI, Inc.; and from April to July 2007 of some $200,000 in OceanView Technologies.

The amended complaint alleges that, in August 2008, defendant Michael Thern "confessed" to plaintiff Peter Bruni that defendants had stolen plaintiffs' money.  It avers that plaintiffs learned only later that, through a series of "shell games" and the use of "dummy corporations," their investments had become worthless.

The following claims are set forth in the amended complaint: violations of the

---

[1] Defendants are Oceanview Electronics, Inc., Oceanview Technologies, Inc., VEI Technologies, Inc., Martin Bader, Kelly Hulse, and Michael Thern.  Michael Bader and Ryan Beck are not defendants in this action.  Michael Bader is the son of defendant Martin Bader.

Securities and Exchange Act of 1934 (Count I) and the Pennsylvania Unfair Trade Practices and Consumer Protection law (Count II); conversion (Count III); fraud (Count IV); civil conspiracy (Count V); unjust enrichment (Count VI); breach of fiduciary duty (Count VII). It also requests an accounting (Count VIII).

Defendants move to dismiss the amended complaint because (1) plaintiffs' claims are not sufficiently pleaded to survive under Twombly; (2) are time-barred in light of the August 2008 Thern "confession"; and (3) are barred by issue preclusion in light of the outcome of FINRA arbitration. Defendants' motion will be denied.

Additionally, plaintiffs move for a temporary restraining order enjoining defendants from transferring or conveying any monies or property in their possession, custody or control to third parties with the exception of routine living and business expenses. Plaintiffs also move for a preliminary injunction and expedited discovery. Defendants oppose these motions: (1) the the defenses raised in the motion to dismiss; and (2) the long delay between the 2008 Thern "confession" and 2009 FINRA proceedings and the 2011 request for a TRO - all establish that plaintiffs are not in immediate danger of irreparable harm. Plaintiffs' TRO motion and their request for expedited discovery will be denied.

Defendants' Motion to Dismiss

Twombly

In deciding a motion to dismiss, a court must "'accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd, 292 F.3d 361, 374 n.7 (3d Cir. 2002).   Legal conclusions may be disregarded.   Walthour v. Child & Youth Services, 728 F.Supp.2d 628, 635 (E.D. Pa. 2010, citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). In order to survive a dismissal motion, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests, and must contain sufficient factual matter to state a claim that is plausible on its face.   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).   A motion to dismiss should not be granted "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would entitle them to relief."   Twombly, 550 U.S. at 563 n.8 (citations omitted).

Here, the amended complaint, as stated in Twombly, "contains either direct or inferential allegations regarding all the material elements necessary to sustain recovery under some viable legal theory."   Id.   Accordingly, defendants' motion to dismiss must be denied.

Statute of Limitations

Defendants' statute of limitations defense: According to the amended complaint, in August 2008, defendant Thern broke into tears, while advising plaintiffs that the money they had invested in OceanView (Thern said there were two OceanViews) had been stolen. Amended Complaint, 75-77.   Subsequently, in October 2008, plaintiffs, through counsel,

contacted defendants and Michael Bader demanding recovery of their investments and commission payments.  October 17, 2008 letter from Gerald Chalpin to defendants, Exhibit A to defendants' motion for extension of time to respond to complaint (docket no. 6).  In January 2009, plaintiffs filed a Statement of Claim in FINRA proceedings against Michael Bader, Ryan Beck and its successor, Stiffel, Nicholaus & Company, to recover their $600,000 investment, and alleging negligence, fraud, unjust enrichment, violations of federal and state securities regulations, and violations of Pennsylvania's statutes pertaining to deceptive and unfair trade practices.  Amended complaint, 90-107, 124-131; Statement of Claim, Exhibit B to defendants' motion for extension of time to respond to complaint (docket no. 6).[2]  In December, 2010, the FINRA panel awarded plaintiffs $39,000 against Michael Bader individually, together with various interest payments, and $13,182.87 against Bader and Stiffel jointly.  It denied the other claims for relief.  Amended complaint, 126; FINRA award, Exhibit C to defendants' motion for extension of time to respond to complaint (docket no. 6).  This action followed.

According to defendants, plaintiffs' claims for securities violations are time-bared because plaintiffs were on notice no later than Thern's August 2008 confession and this action was filed more than two years later.  See 28 U.S.C. § 1658(b) ("A claim for violations of §10b of the 1934 Act may be brought not later than the earlier of - (1) two years after the

_____

[2] The court may consider "undisputedly authentic documents . . . if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1992).  Plaintiffs refer extensively to the FINRA proceedings in their amended complaint, but do not attach any documents.

discovery of the facts constituting the violation; or (2) five years after such violation.).  <u>See</u>
<u>also</u> <u>In re Merck & Co, Inc. Securities, Derivative and ERISA Litigation</u>, 543 F.3d 150, 164
(3d Cir. 2008) ("whether the plaintiffs, in the exercise of reasonable diligence, should have
known of the basis for their claims depends on whether they had sufficient information of
possible wrongdoing to place them on inquiry notice or to excite storm warnings of culpable
activity.").

    Plaintiffs respond that the amended complaint also alleges that, following Thern's
confession, plaintiffs directed inquiries to Michael Bader, who assured them that Thern's
representations were inaccurate. Amended complaint, ¶ 79 ("Michael Bader told Mr. Bruni
that Thern was a 'disgruntled employee' and that his claim that there were 'two Oceanviews'
was untrue.").  The deception with respect to OceanView and Valhalla (later VEI) continued,
according to the amended complaint, until July 2009.  Amended complaint, ¶¶ 81-83.

    In <u>In re Merck</u>, 543 F.3d 150 (3d Cir. 2008), our Court of Appeals reversed the
dismissal of a claim on statute of limitations grounds at the motion to dismiss stage.  <u>Id.</u> at
172.  Acknowledging that, based upon the allegations in the complaint, "storm warnings"
existed as to the potential existence of a securities fraud claim, there were also allegations
that the defendant "continued to reassure [the plaintiff]" and therefore, "the District Court
acted prematurely in finding as a matter of law that Appellants were on inquiry notice of the
alleged fraud."  <u>Id.</u>  Similarly here, the allegations in the amended complaint as to
concealment are adequate to withstand a motion to dismiss.  Accordingly, defendants' motion

on this issue must be denied.[3]

Issue Preclusion

Defendants point out that all of the claims made in this action were included in the earlier FINRA proceedings.  Therefore, according to defendants, the FINRA panel must have found the plaintiffs' claims to be without merit except as granted in the award, and that issue preclusion bars their re-litigation in this action.  This contention must be rejected.

Four requirements must be met for the doctrine of issue preclusion to be applicable: (1) the issue decided in the prior adjudication must be identical with the one presented in the later action; (2) there must have been a final judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.  Witowski v. Welch, 173 F.3d 192, 199, 206 (3d Cir. 1999) (affirming an award of summary judgment based on issue preclusion, but stating, "[i]n holding that collateral estoppel applies to this unique case, we caution against its invocation in most others without extreme care.  Indeed, doubts about its application should usually be resolved against it.").

Here, the named defendants were not parties in the FINRA proceedings.  Although defendants interpret the award to mean that the panel found the Bruni's claims without merit,

---

[3] Defendants similarly move for dismissal of plaintiffs' state law claims of fraud, conversion and breach of fiduciary duty on statute of limitations grounds.  Defendants' memorandum at 18-23.  This portion of the motion, too, will be denied.

it is just as plausible - and the amended complaint alleges - that the panel found the claims without merit only as to the parties before it.  See amended complaint, ¶¶ 126-131; plaintiffs' memorandum at 6-7 (defense advanced at arbitration was that the defendants named in this action were the responsible parties).  At this stage, it is not clear that the issues decided in the FINRA arbitration were identical with the issues before this court.

Plaintiffs' Motion for TRO and Expedited Discovery

In ruling on a motion for a temporary restraining order, the following four factors must be considered: (1) the likelihood that the moving party will prevail on the merits at the final hearing; (2) the extent to which the moving party is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving parties will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest." Georgine v. Achem Products, Inc., 878 F. Supp. 716, 725 (E.D. Pa. 1994), citing S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992).

Here, the defenses offered by defendants are sufficiently strong to call into question the likelihood that plaintiffs will prevail on the merits in this litigation.  Moreover, plaintiffs have had ample opportunity to request a TRO or preliminary injunction since August 2008.  In the ensuing years, they have instituted the FINRA arbitration and filed two state court actions against these defendants that did not include requests for emergency relief and which

were voluntarily dismissed before complaints were filed.  Plaintiffs do not explain why their

current situation now justifies the long-delayed request for relief.

      Plaintiffs' motion for a preliminary injunction must be denied.


BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.